UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY, a Tennessee
corporation,
Plaintiff,

v.

CARL B. LITTLE,
Defendant-Appellant,

No. 00-1451

v.

PAMELA J. JACOBS, as Guardian of
Carl B. Little, III,
Defendant-Appellee,

and

CARL B. LITTLE, III,
Defendant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-99-549-2)

Submitted: October 31, 2000

Decided: November 22, 2000

Before WILKINSON, Chief Judge, and WILLIAMS and
MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Elliot G. Hicks, Nicholas P. Mooney, II, ALLEN, GUTHRIE & McHUGH, Charleston, West Virginia, for Appellant. Webster J. Arceneaux, III, LEWIS, FRIEDBERG, GLASSER, CASEY & ROLLINS, L.L.P., Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal arises from an interpleader action filed in district court by Provident Accident Insurance Company. The subject res was insurance proceeds that accrued upon the untimely death of Carl B. Little II, the policy holder. The two claimants of the proceeds were Carl B. Little ("Little"), the father of the deceased, and Pamela J. Jacobs, the ex-wife of the deceased and guardian of the deceased's minor child, Carl B. Little III ("Trey"). [1] Little appeals the district court's order granting Jacobs' motion for summary judgment and awarding the proceeds to Jacobs as Trey's legal guardian.[2]

This court reviews a grant of summary judgment de novo. See Higgins v. E. I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). All reasonable inferences are to be drawn in favor of the non-moving party. See Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

_____

[1] Neither party disputes that the insurance proceeds are for the benefit of the deceased's minor son, Trey.
[2] The parties agreed to submit the appeal on the briefs.

2

We have reviewed the submitted record and briefs, as well as the pertinent case law on this matter, and are persuaded that the judgment of the district court was correct. Accordingly, we affirm on the reasoning of the district court. See Little v. Jacobs, No. CA-99-549-2 (S.D.W. Va., March 17, 2000).

AFFIRMED

3

t